

NUMBER 13-11-00745-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CAMERON COUNTY, TEXAS,                                                    Appellant,

v.

FRANCISCO SALINAS, ET AL.,                                               Appellees.

On appeal from the103rd District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Cameron County ("the County") brings this interlocutory appeal from the trial court's denial of its plea to the jurisdiction. By a single issue, the County contends that the trial court erred in denying its plea to the jurisdiction because its governmental immunity is not waived for the premises defect claim asserted by appellees, Francisco

Salinas and Gregoria Salinas, individually and as personal representatives of the estate of their deceased minor daughter, L.E.S. We affirm.

## I. BACKGROUND

On February 23, 2011, L.E.S., a seven-year-old child with Down Syndrome, drowned in a pool controlled by the County at the Santa Maria Community Center in Santa Maria, Texas. L.E.S. entered the pool area through a hole in the perimeter fence surrounding the pool. At the time of the accident, the pool was filled with water and debris and was not open to the public. Appellees' petition alleged that the County had actual knowledge for approximately four months that a hole existed in the fence large enough for people to gain access to the pool.

Appellees sued the County asserting a premises defect claim under the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.022(a) (West 2011). Specifically, appellees alleged that the pool perimeter fence was defective in that it was in disrepair and posed an unreasonably dangerous condition because the pool area entry points were unsecured. Appellees further alleged that the County had actual knowledge of the premises defect and L.E.S. did not.

The County filed a plea to the jurisdiction, in which it argued that the County's governmental immunity was not waived because under the recreational use statute, the County's duty was limited to only the standard of care owed a trespasser. *See id.* § 75.002(f) (West 2011) (providing that "if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises."). The County asserted that the recreational use statute

2

applies in this case because the statute defines "recreation" to include, among other things, "swimming." *See id.* § 75.001(3)(C) (West 2011). According to the County, section 75.002(f) of the recreational use statute, which was amended in 2005, clearly establishes a common law trespasser standard of care on governmental units in recreational use statute cases. The County further argued that under the common law trespasser standard, it owed no duty regarding the allegedly dangerous condition of the pool area premises. The County attached to its plea copies of the current recreational use statute, the pre–2005 amendment version of the statute, and copies of legislative notes and bill analyses regarding the 2005 amendment to the statute.

Appellees filed a response to the County's plea, in which they asserted that their pleadings establish a waiver of governmental immunity under sections 101.021(2) and 101.022(a) of the TTCA and under the recreational use statute. Appellees asserted that the County's gross negligence in failing to maintain the perimeter fence is the type of act or omission for which governmental entities have been held liable in similar circumstances. Appellees also asserted that even under the amended version of the recreational use statute, a properly pleaded claim for gross negligence waives sovereign immunity. Appellees did not offer any evidence in support of their response.

On November 10, 2011, the trial court denied the County's plea to the jurisdiction. The order states that appellees' petition "alleges sufficient facts that establish a waiver of sovereign immunity by [the County] under the Texas Tort Claims Act and the Recreational Use Statute which establish jurisdiction in this matter." This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Miranda*, 133 S.W.3d at 225–26. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence. *Miranda*, 133 S.W.3d at 226–27. If a plea to the jurisdiction challenges the jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227); *see Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. If that evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide. *City of Waco*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*,

4

133 S.W.3d at 228. After the defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* This standard "generally mirrors" that of a traditional motion for summary judgment. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the non-movant. *Id.*; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We do not "weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Brown*, 80 S.W.3d at 555.

If a claim arises from a premise defect, and the recreational use statute does not apply, the governmental entity owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. TEX. CIV. PRAC. & REM CODE ANN. § 101.022(a); *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.). This duty requires the landowner to avoid injuring a licensee by willful, wanton or grossly negligent conduct, and to use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g); *Seppy*, 301 S.W.3d at 441. To be subject to the duty to warn or make reasonably safe, the governmental entity must have actual knowledge of the dangerous condition. *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413–14, 416 (Tex. 2008) (per curiam); *City of*

*Dallas v. Giraldo*, 262 S.W.3d 864, 869, (Tex. App.—Dallas 2008, no pet.); *Payne*, 838 S.W.2d at 237. Constructive knowledge of the defect is insufficient. *Stewart*, 249 S.W.3d at 414–16.

Actual knowledge on the part of a governmental entity requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time. *Stewart*, 249 S.W.3d at 414–15; *see also Reyes v. City of Laredo*, 335 S.W.3d 605, 608 (Tex. 2010) (per curiam). "Awareness of a potential problem is not actual knowledge of an existing danger." *Reyes*, 335 S.W.3d at 609. When determining whether a premises owner had actual knowledge of a dangerous condition, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam); *see City of Dallas v. Reed*, 258 S.W.3d 620, 623 (Tex. 2008) (per curiam) (finding that no prior accidents or complaints about road condition contributed to conclusion of no actual knowledge at the time of the motorcycle accident).

Actual knowledge of a dangerous condition can sometimes be proven through circumstantial evidence. *See City of Austin v. Leggett*, 257 S.W.3d 456, 476 (Tex. App.—Austin 2008, pet. denied). However, "[c]ircumstantial evidence establishes actual knowledge only when it 'either directly or by reasonable inference' supports that conclusion." *Stewart*, 249 S.W.3d at 415 (quoting *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex. 2002)).

6

As noted, if the recreational use statute applies, the governmental entity's duty is limited to that which is owed to a trespasser. A landowner or premises occupier owes to a trespasser only the duty not to injure him willfully, wantonly, or through gross negligence. *Smither v. Tex. Util. Elec. Co.*, 824 S.W.2d 693, 695 (Tex. App.—El Paso 1992, writ dism'd). "Gross negligence requires that the landowner be subjectively aware of, and consciously indifferent to, an extreme risk of harm." *State v. Shumake*, 199 S.W.3d 279, 288 (Tex. 2006).

### III. DISCUSSION

The County presents its sole issue on appeal as follows: "Section 75.002(f) of the Recreational Use Statute, Civ. Prac[.] & Rem. Code, imposes a common law trespasser standard on governmental units, and thus, [the County's] governmental immunity is not waived for Appellees' premises defect claim because [the County] owed no duty to Decedent to warn of or make safe a dangerous condition." Thus, the County's sole argument—on appeal and in its plea to the jurisdiction—is that because the recreational use statute governs this case, the County's governmental immunity is not waived for appellees' premises defect claims. We are not persuaded that the recreational use statute applies to this case.

Section (f) of the recreational use statute provides: "Notwithstanding Subsections (b) and (c), if a person enters premises owned, operated, or maintained by a governmental unit and *engages in recreation* on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises. TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(f) (emphasis added). Here, appellees' pleadings asserted jurisdictional facts, which we must assume as true

7

unless the County presented evidence to negate their existence, *see Miranda*, 133 S.W.3d at 226–27, as follows: (1) L.E.S. "gained entry into the pool area . . . at a time when the pool was closed and drowned in the pool which was filled with water and debris"; (2) the County and its employees "were aware of the unreasonable risk of harm, injury and death to the residents, and specifically minors, of allowing the pool area premises to remain in a dangerous condition, unattended and unsecured as a result of prior incidents where entry had been gained through the fence and open entry areas"; (3) the County and its employees "had actual knowledge for a period of time of approximately four (4) months prior to the death of [L.E.S.] that a hole existed in the fence large enough for people to get inside the pool area and gain access to the pool, yet failed to remedy the dangerous condition of the premises knowing that it posed an unreasonable risk of death by drowning to area resident children"; and (4) the County's acts and omissions "involved an extreme degree of risk" and the County "had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Decedent and others" and "acted with malice." The pleadings assert only that L.E.S. "gained entry" to the pool area through a hole in the perimeter fence and that the County had actual knowledge of the hole in the fence for approximately four months "as a result of prior incidents where entry had been gained through the fence and open entry areas." The pleadings do not state that L.E.S. entered the pool area through the fence and went swimming. The pleadings do not indicate what time of day or night the incident occurred or whether the pool, partially filled with water and debris, was even recognizable as a swimming pool. Thus, the pleadings do not assert—and nothing in the record supports an inference—that L.E.S.

8

was "engag[ing] in recreation" when she fell into the pool and drowned. Moreover, the County presented no evidence to negate any of the jurisdictional facts alleged in appellees' pleadings. Assuming the truth of the jurisdictional facts alleged in the pleadings, *see Miranda*, 133 S.W.3d at 226–27, we cannot say that the trial court erred in denying the County's plea under the recreational use statute.

Moreover, the order denying the County's plea to the jurisdiction states that appellees' petition "alleges sufficient facts that establish a waiver of sovereign immunity by [the County] under the Texas Tort Claims Act *and* the Recreational Use Statute." (emphasis added). Thus, the order states as grounds both the TTCA and the recreational use statute. In its plea to the jurisdiction—and on appeal—the County only challenged one of the grounds stated in the order: the applicability of the recreational use statute. The County made no argument before the trial court regarding how it retained its immunity for appellees' premises defect claim for gross negligence under the TTCA.

When reviewing a trial court's ruling on a plea to the jurisdiction, we may not consider independent grounds not considered by the trial court. *See Hendee v. Dewhurst*, 228 S.W.3d 354, 376 (Tex. App.—Austin 2007, pet. denied) ("When reviewing a summary judgment, an appellate court cannot consider independent grounds—much less summary judgment evidence—not presented to the trial court. We believe that *Miranda* compels the same result regarding the State Defendants' attempt to attack jurisdictional facts with evidence on appeal.") (internal citation omitted); *see also Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex.App.—Houston

9

[1st Dist.] 2002, no pet.) (affirming order granting plea to the jurisdiction because appellant did not challenge all grounds on which order could have been based).

Because appellees' pleadings alleged a ground for waiver of immunity that was not challenged by the County and was not considered by the trial court, we cannot say that the trial court erred in denying the County's plea to the jurisdiction under the TTCA.

## IV. CONCLUSION

We affirm the trial court's order denying the County's plea to the jurisdiction.


DORI CONTRERAS GARZA
Justice

Delivered and filed the
27th day of August, 2012.