ACCEPTED
03-14-00383-CV
3729717
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/12/2015 11:53:45 AM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00383 -CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/12/2015 11:53:45 AM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AUSTIN, TEXAS

### ROGER BUFLER AND SANDY BUFLER,
*Appellants,*

### V.

### TEXAS DEPARTMENT OF TRANSPORTATION
*Appellee.*

On Appeal from the 51st District Court
Of Coke County, Texas; Cause No. CV1204444

## BRIEF OF APPELLEE, THE TEXAS DEPARTMENT OF TRANSPORTATION

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

MICHAEL RATLIFF
Assistant Attorney General
Transportation Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2004
Fax Number: (512) 472-3855
michael.ratliff@texasattorneygeneral.gov
State Bar No. 16564300

ATTORNEYS FOR APPELLEE
TEXAS DEPARTMENT OF
TRANSPORTATION

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Parties**

Roger and Sandy Bufler     Plaintiffs/Appellants

Texas Department of Transportation  Defendant/Appellee

**Counsel**

Trey L. Dolezal       Trial and Appellate Counsel for Roger
Kasling, Hemphill, Dolezal &   and Sandy Bufler
Atwell, L.L.P
301 Congress Ave., Suite 300
Austin, TX 78701


Alan Grundy        Trial Counsel for Texas Department of
Assistant Attorney General    Transportation
Transportation Division
P. O. Box 12548
Austin, Texas 78711-2548


Michael Ratliff        Appellate Counsel for Texas Department
Assistant Attorney General    of Transportation
Transportation Division
P. O. Box 12548
Austin, Texas 78711-2548

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL .................................................................... ii

TABLE OF CONTENTS ........................................................................................ iii

INDEX OF AUTHORITIES .................................................................................... iv

STATEMENT OF THE CASE ................................................................................. vi

ISSUES PRESENTED ........................................................................................... vii

STATEMENT OF FACTS ....................................................................................... 2

SUMMARY OF ARGUMENT .................................................................................. 2

ARGUMENT AND AUTHORITIES ........................................................................... 3

PRAYER ............................................................................................................ 14

CERTIFICATE OF COMPLIANCE ......................................................................... 16

CERTIFICATE OF SERVICE ................................................................................. 16

# INDEX OF AUTHORITIES

**Cases**                                                                                           **Page**

*Brownsville Navigation Dist. v. Izaguirre,*
    829 S.W.2d 159 (Tex. 1992)............................................................... 8, 9

*City of Corsicana v. Stewart,*
    249 S.W.3d 412 (Tex. 2008) (per curiam) .................................. 11, 12, 13, 14

*City of Dallas v. Reed,*
    258 S.W.3d 620 (Tex. 2008) (per curiam)....................................................... 13

*City of Dallas v. Thompson,*
    210 S.W.3d 601 (Tex. 2006) (per curiam)....................................................... 13

*Gen. Servs. Comm'n v. Little-Tex Insulation Co.,*
    39 S.W.3d 591 (Tex. 2001)................................................................................ 4

*Johnson Cnty Sheriff's Posse, Inc. v. Endsley,*
    926 S.W.2d 284 (Tex.1996)......................................................................... 8, 9

*Maxwell v. Tex. Dep't of Transp.,*
    880 S.W.2d 461 (Tex.App.—Austin 1994, writ denied)............................... 7

*Mayhew v. Town of Sunnyvale,*
    964 S.W.2d 922 (Tex. 1998)............................................................................ 5

*M. O. Dental Lab v. Rape,*
    139 S.W.3d 671 (Tex. 2004)........................................................................ 8, 9

*Price Constr., Inc. v. Castillo,*
    147 S.W.3d 431 (Tex. App.—San Antonio 2004, pet. denied) ................... 12

*Reyes v. City of Laredo,*
    335 S.W.3d 605 (Tex. 2010)........................................................................ 13

*Scott & White Memorial Hospital v. Fair,*
    310 S.W. 3d 411 (Tex. 2010)...................................................................... 9,10

*State v. Rodriquez,*
    985 S.W.2d 83 (Tex. 1999) (per-curiam) ........................................................ 7

*State v. Tennison,*
    509 S.W.2d 560 (Tex. 1974) ........................................................ 11

*Tex. Dep't of Transp. v. Jones,*
    8 S.W.3d 636 (Tex. 1999) (per curiam)........................................................ 3, 5

*Tex. Dep't of Transp. v. Martinez,*
    No 04-04000867-CV, 2006 WL 1406571
    (Tex. App.—San Antonio May 24, 2006, pet. denied, mem.op)........... 10, 11

*Tex. Dep't of Parks & Wildlife v. Miranda,*
    133 S.W.3d 217(Tex. 2004) ........................................................ 3, 4, 5

*Tex. Dep't of Transp. v. York,*
    284 S.W.3d 844 (Tex. 2009) (per curiam).................................................. .5, 6

*Uni. of Tex. at Austin v. Hayes,*
    327 S.W.3d 113 (Tex. 2010)........................................................ 13

*Univ. of Tex.–Pan Am. v. Aguilar,*
    251 S.W.3d 511 (Tex. 2008) (per curiam) .................................................. 13

*Wichita Falls State Hosp. v. Taylor,*
    106 S.W.3d 692 (Tex. 2003)........................................................4

## Statutes

Tex. Civ. Prac. & Rem. Code § 101........................................................4, 5

Tex. Civ. Prac. & Rem. Code § 101.021 .................................................. 5

Tex. Civ. Prac. & Rem. Code § 101.022 .................................................. 5

Tex. Civ. Prac. & Rem. Code § 101.056..:........................................................ 7

## STATEMENT OF THE CASE

Nature of the Case:     This is a suit for personal injury damages brought under the Texas Tort Claims Act. Plaintiffs allege that factual issues preclude summary disposition that a sidewalk wet from rain is not unreasonably dangerous as a matter of law. Plaintiffs further allege that factual issues preclude summary disposition that TxDOT did not have actual notice of an allegedly dangerous condition.

Trial Court:     The Honorable Barbara Walther, Judge of the 51st Judicial District Court, Coke County, Texas.

Trial Court Disposition:     The trial court granted the Texas Department of Transportation's Plea to the Jurisdiction and No-Evidence Motion for Summary Judgment. CR 138.

## ISSUE PRESENTED

I.    Under the Texas Tort Claims Act, does a wet sidewalk constitute an unreasonably dangerous condition and did the State have the requisite actual knowledge of the allegedly dangerous condition, thereby waiving its sovereign immunity?

NO. 03-14-00383

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

ROGER BUFLER AND SANDY BUFLER,
*Appellants,*
V.

TEXAS DEPARTMENT OF TRANSPORTATION
*Appellee.*

On Appeal from the 51st District Court
Of Coke County, Texas; Cause No. CV1204444

## BRIEF OF APPELLEE, THE TEXAS DEPARTMENT OF TRANSPORTATION

TO THE HONORABLE COURT OF APPEALS:

The Texas Department of Transportation (TxDOT) submits this Appellee's Brief requesting that the claims of Appellants, Roger and Sandy Bufler, (Buflers) be dismissed for want of jurisdiction. Buflers' claims should be dismissed because a wet sidewalk constructed of varying surfaces does not present an unreasonably dangerous condition as a matter of law. Further, TxDOT did not have actual knowledge of an allegedly dangerous condition presented by a wet varied surface sidewalk. As two essential elements of a premises defect claim are absent, there is

no waiver of sovereign immunity. Accordingly, this court lacks subject matter jurisdiction.

## STATEMENT OF FACTS

Roger and Sandy Bufler sued TxDOT for personal injuries sustained when Mr. Bufler slipped and fell on a wet sidewalk at a TxDOT rest area. CR 31. It was drizzling at the time and the Plaintiff was in a hurry, desperate to get to the restroom. CR 118. TxDOT brought a Plea to the Jurisdiction and No-Evidence Motion for Summary Judgment contending that a wet sidewalk is not an unreasonably dangerous condition as a matter of law and further, that it had no actual notice of the alleged unreasonably dangerous condition, essential elements of a premises cause of action under the Texas Tort Claims Act. CR 41. The trial court granted TxDOT's Plea and Motion CR 138. The Buflers' timely brought this appeal, contending that factual issues preclude summary disposition. The trial court likewise granted a similar motion for summary judgment filed by Apeck Construction, LLC, the company charged under contract with TxDOT to maintain the rest area. The Buflers appeal the granting of this summary judgment as well.

## SUMMARY OF THE ARGUMENT

The Texas Department of Transportation has sovereign immunity unless waived by the Tort Claims Act. The Tort Claims Act provides a limited waiver of immunity under certain conditions, one of which includes unreasonably dangerous

2

premises conditions of which the governmental unit has actual knowledge. The sidewalk at a TxDOT rest area facility, wet from a drizzling rain, does not constitute an unreasonably dangerous condition as a matter of law. Furthermore, there was no evidence that TxDOT had actual notice that the sidewalk posed an unreasonable risk of harm. Accordingly, there is no waiver of sovereign immunity and thus no subject matter jurisdiction of this cause.

## ARGUMENT AND AUTHORITIES

### A.    Standard of review.

#### 1.    Plea to the jurisdiction.

A trial court must have subject matter jurisdiction to adjudicate the subject matter of a cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–28 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law that is reviewed de novo. *Id.* at 226. Subject matter jurisdiction may be challenged by a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999) (per curiam).

If a plea to the jurisdiction challenges the pleadings, a court must determine if the pleader has sufficiently alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. If the pleadings affirmatively negate the existence of the court's jurisdiction, then a plea to the

3

jurisdiction may be granted without allowing plaintiffs an opportunity to amend. *Miranda*, 133 S.W.3d at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, the court must consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *Miranda*, 133 S.W.3d at 227. Where the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the court must review the relevant evidence to see if a fact issue exists. *Id.* If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the court must rule on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228. Whether undisputed evidence of jurisdictional facts establishes the trial court's jurisdiction is reviewed de novo by this Court. *Miranda*, 133 S.W.3d at 226.

### 2. Sovereign immunity.

Sovereign immunity protects the State, its agencies and officials, and political subdivisions from suit, unless immunity from suit is waived. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit may only be waived by legislative consent or constitutional amendment. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003). A limited waiver of sovereign immunity was enacted with the Texas Tort Claims Act. TEX. CIV. PRAC.

4

& REM. CODE Chapter 101. Under the Act, a governmental unit is liable for injuries "caused by a condition or use of …real property" if the unit would be liable if it were a private person. TEX. CIV. PRAC. & REM. CODE § 101.021(2). Where immunity has not been waived, the trial court lacks subject matter jurisdiction. *Miranda*, 133 S.W.3d at 225–26.

The burden is on the plaintiff to establish subject matter jurisdiction by showing that immunity from suit has been waived. *Jones*, 8 S.W.3d at 638. Subject matter jurisdiction is a question of law. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

### 3. Licensee standard of care.

Different duties apply to a governmental entity depending on whether a condition is a premises defect or a special defect. TEX. CIV. PRAC. & REM. CODE § 101.022(a); *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 846–47 (Tex. 2009) (per curiam). If a claim arises from a premises defect, the government owes a licensee duty of care. *Id.* Under a licensee standard, a plaintiff must prove that the governmental unit had actual knowledge of a condition that created an unreasonable risk of harm, and also that the licensee did not have actual knowledge of that same condition. *York*, 284 S.W.3d at 847. If a claim involves a special defect, an invitee standard applies. *Id.* Under an invitee standard, a plaintiff need only prove that the

5

governmental unit should have known of a condition that created an unreasonable risk of harm. *Id.* Whether a condition is a special defect or a premises defect is a question of law which is reviewed de novo. *Id.* In this case, the parties agree that the wet sidewalk does not constitute a special defect. CR 34. Rather, the parties dispute whether a wet sidewalk presents a fact issue of an unreasonably dangerous condition and whether TxDOT had actual knowledge of the condition.

## B. A wet sidewalk is not an unreasonably dangerous condition as a matter of law.

Roger Bufler claims to have slipped and fallen on a sidewalk at a TxDOT rest area. CR 32. He claims that it was drizzling at the time and admitted that he was hurrying, desperate to get to the restroom. CR 118. Mr. Bufler contends that the condition of the varying surfaces of the wet concrete created an unreasonably dangerous condition. Appellants' Br. 4; CR 32. The "varying surfaces" were a combination of textured and smooth concrete. CR 117. As the Plaintiff alleged in his pleadings: "the sidewalk is composed of smooth concrete squares which periodically have gravel-like stars placed on them. When Roger stepped on one of the smooth concrete areas, his feet went completely out from under him." CR 32.

The sidewalk consists of poured concrete slabs interspersed with prefabricated concrete slabs containing a star shaped graveled medallion. CR 57. A photo is shown at CR 87. The sidewalk was constructed in the 2001-2002 timeframe as part

6

of the original construction of the rest area and was constructed as designed. CR 76. Buflers' complaint about the "varying surfaces" invokes the design discretion immunity of section §101.056 of the Texas Tort Claims Act. "Design of any public work, such as a roadway, is a discretionary function involving many policy decisions and the governmental entity responsible may not be sued for such decisions." *State v. Rodriquez*, 985 S.W.2d 83, 85 (Tex. 1999 per curiam); *See also Maxwell v. Tex. Dep't of Transp.*, 880 S.W.2d 461, 463 (Tex. App.—Austin 1994, writ denied).

As this Court stated in *Maxwell*, "It is not proper for a court to second-guess the agency's decision that some other type of marker or safety device would have been more appropriate…or that the culvert was placed too close to the highway. To do so would displace the authority of the agency responsible for making such decisions." *Id.* at 464.

Just as this Court did not get into questioning highway design in *Maxwell*, neither is it appropriate for courts to question sidewalk design in the present case. There was no evidence to suggest that the sidewalk was not maintained as originally designed. Indeed, nothing about the sidewalk has been changed since its original construction. CR 79. Additionally, the same "varying surface" sidewalk design is in use in other TxDOT rest area facilities. CR 61. Thus, the "varying surfaces" of the sidewalk, constructed and maintained as designed, cannot form the basis for

7

waiver of sovereign immunity.

Nor does a wet "varying surface" sidewalk create an unreasonably dangerous premises condition. In *M. O. Dental Lab v. Rape,* 139 S.W.3d 671, (Tex. 2004), the Texas Supreme Court addressed whether a condition occurring as the result of natural conditions constituted a premises defect---that is a condition posing an "unreasonable" risk of harm:

> To prevail in a premises liability case, an invitee must plead and prove, among other elements, that a condition on the premises posed an unreasonable risk of harm to the invitee. We held in both *Brownsville Navigation District* and *Johnson County* that ordinary mud or dirt in its natural state can and often does form a condition posing a risk of harm, but not an "unreasonable" risk of harm. We further observed in *Johnson County* that holding a landowner liable for "[t]he natural state of dirt" would cause the landowner to "be an insurer against all injury to a tenant's lessees." Although the court of appeals correctly pointed out that neither *Brownsville Navigation District* nor *Johnson County* specifically involved the accumulation of mud on a man-made surface, we find this distinction immaterial. Ordinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, is not a condition posing an unreasonable risk of harm.

*Id. at 675–676.*

In the case at bar, the condition is even less dangerous than mud on a concrete slab. The condition Buflers' complain of is wet concrete from pain without any other foreign substance. CR 118. As the Supreme Court in *M.O. Dental* elaborated:

8

Holding a landowner accountable for naturally accumulating mud that remains in its natural state would be a heavy burden *because rain is beyond the control of landowners*. Most invitees in Texas will encounter natural conditions involving ordinary mud regularly, and accidents involving naturally accumulating mud and dirt are bound to happen, regardless of the precautions taken by landowners. Generally, invitees like Rape are at least as aware as landowners of the existence of visible mud that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury. Finally, following the rationale of *Johnson County*, to hold otherwise would make the landowner strictly liable for injuries resulting from ordinary mud or dirt in its natural state. The ordinary mud found on the concrete slab outside of the M.O. Dental Lab accumulated due to rain and remained in its natural state; thus, as a matter of law, it was not a condition that posed an unreasonable risk of harm to Rape necessary to sustain her premises liability action.

*Id* at 676 (emphasis added).

The *Johnson County* case, referred to by the Supreme Court, is *Johnson County Sheriff's Posse, Inc. v. Endsley,* 926 S.W.2d 284 (Tex.1996). *Brownsville Navigation District* is a reference to *Brownsville Navigation District v. Izaguirre,* 829 S.W.2d 159 (Texas, 1992). Both cases support the principle that a naturally occurring condition may pose a risk of harm, *but not unreasonably so*, and therefore no duty arises on the part of the premises owner to adequately warn of the condition or make it reasonably safe.

The Texas Supreme Court expanded on this principle in *Scott and White Memorial Hospital v. Fair,* 310 S.W.3d 411 (Tex. 2010), holding that "naturally occurring ice that accumulates without the assistance or involvement of unnatural

9

contact is not an unreasonably dangerous condition sufficient to support a premises liability claim." *Id.* at 414. The Court acknowledged the relative irregularity of icy conditions in Texas and stated: "requiring premises owners to guard against wintry conditions would inflict a heavy burden because of the limited resources landowners likely have on hand to combat occasional ice accumulations." *Id.* Further, "the plaintiff is in a much better position to prevent injuries from ice or snow because the plaintiff can take precautions at the very moment the conditions are encountered." *Id.*

If ice in its naturally occurring state is not unreasonably dangerous as a matter of law, then certainly naturally occurring rain is not unreasonably dangerous as a matter of law either. The steps the plaintiff asked Scott and White Hospital to take to melt the ice would reduce the premises condition to the wet sidewalk condition complained of in this case. And although rain has been rather irregular in Texas of late also, if requiring premises owners to guard against wintry conditions would inflict a heavy burden, imagine the burden to protect premises from rain. In *Texas Department of Transportation v. Martinez,* No. 04-04-00867-CV, 2006 WL 1406571 (Tex. App.—San Antonio May 24, 2006, pet. denied) (mem.op.) a case involving a rain-slick highway, the Court ruled that "the evidence that the road was

10

'slippery' may describe a condition posing a risk of harm, but it does not by itself provide evidence of an 'unreasonable' risk of harm. *Id.* at *5.

Clearly, any accumulation on a sidewalk poses a risk of harm, be it dirt, mud, ice, or water, but just as clearly, such an accumulation does not pose an unreasonable risk. Accordingly, as an essential element of a premises liability cause of action is absent, there is no waiver of sovereign immunity and thus no subject matter jurisdiction over this cause.

**A.   TxDOT did not have actual knowledge of the allegedly dangerous condition.**

Under the licensee standard of care applicable to premises defects, TxDOT has a duty not to injure willfully, wantonly or through gross negligence. *See State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974). An exception to this general rule exists where the licensor has actual knowledge of a dangerous condition and the licensee does not. *Id.* Under these circumstances, TxDOT would have a duty to either warn the licensee or make the condition reasonably safe. *See id.* However, a duty on the part of TxDOT to warn or make safe does not even arise unless TxDOT has the requisite actual knowledge of a dangerous condition. *See id.*

Actual knowledge rather than constructive knowledge of the dangerous condition is required. *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413–14 & n.1 (Tex. 2008) (per curiam). "Actual knowledge is what a person actually knows as

11

distinguished from constructive or imputed knowledge; that is, what a person does not actually know, but should know or have reason to know." *Price Constr., Inc. v. Castillo*, 147 S.W. 3d 431, 437 (Tex. App.—San Antonio 2004, pet. denied).

Where there is testimony that a governmental defendant was not aware of an allegedly dangerous condition and where a plaintiff presents no direct evidence of a governmental defendant's actual knowledge of such condition, a plaintiff fails to raise a fact issue regarding the governmental defendant's knowledge. *See, e.g., Stewart*, 249 S.W.3d at 414–16. In *Stewart*, the City's Public Works Director testified that the City first learned that a low-water crossing was flooded when the Plaintiff called 911 for help, and there was no direct evidence that the City knew the crossing was flooded prior to the accident. *Id.* at 414–15. Instead, the City knew that the crossing tended to flood during heavy rains and that it was raining heavily on the night of the accident. *Id.* at 414. The Supreme Court held that Plaintiffs had failed to raise a fact issue regarding the City's knowledge of a dangerous condition. *See id.* at 416. Similarly, in this case it is unquestioned that TxDOT certainly knew that when it rains, sidewalks become wet. But there was no evidence presented that TxDOT knew the "varying surfaces" of sidewalks when wet presented an unreasonably dangerous condition. Indeed, the testimony demonstrated that the TxDOT engineer in charge of 79 rest areas had never had any complaints relating to

12

the "varying surface" sidewalks. CR 61,78.

Given the evidence that TxDOT was not aware of the alleged danger created by a wet "varying surface" sidewalk, Plaintiffs failed to raise a fact issue regarding TxDOT's actual knowledge. Thus, TxDOT's plea to the jurisdiction and no evidence summary judgment motion were properly granted. *See Reyes v. City of Laredo,* 335 S.W.3d 605, 608–09 (Tex. 2010) (plea to the jurisdiction sustained where governmental entity had no actual knowledge of flooded street); *Uni. of Tex. at Austin v. Hayes,* 327 S.W.3d 113, 117–18 (Tex. 2010) (plea to the jurisdiction sustained where governmental entity had no actual knowledge that chain across a driveway presented a dangerous condition); *City of Dallas v. Reed,* 258 S.W.3d 620, 622–23 (Tex. 2008) (per curiam) (plea to the jurisdiction sustained where governmental entity had no actual knowledge that a two-inch roadway drop-off presented an unreasonable risk of harm); *Univ. of Tex.—Pan Am. v. Aguilar,* 251 S.W.3d 511, 513–14 (Tex. 2008) (per curiam) (plea to the jurisdiction sustained where governmental entity had no actual knowledge that a water hose lying across a sidewalk presented an unreasonable risk of harm); *Stewart,* 249 S.W.3d at 414–16 (plea to the jurisdiction sustained where governmental entity had no actual knowledge of flooded low-water crossing); *City of Dallas v. Thompson,* 210 S.W.3d 601, 603–04 (Tex. 2006) (per curiam) (plea to the jurisdiction sustained where

13

governmental entity had no actual knowledge of improperly secured, metal, expansion-joint cover plate protruding up from airport floor).

Instead of providing direct evidence that TxDOT had actual knowledge of the alleged dangerous condition, Buflers' assert they have raised a fact issue regarding actual knowledge of a dangerous condition because a contracted maintenance employee told a TxDOT employee that the sidewalk was slippery when wet. Appellants' Br. 8. This does no more than tell TxDOT what is universally known, that any surface is slippery when wet. It does not inform TxDOT of an unreasonably dangerous condition presented by a wet varied surface sidewalk. At most, such allegations are merely an attempt to raise a fact issue on constructive knowledge, and they clearly fail to raise a fact issue regarding the required element of actual knowledge of a dangerous condition. *See Stewart*, 249 S.W.3d at 413–14 & n.1.

## PRAYER

For all of the reasons stated herein, the Texas Department of Transportation asks this Court to affirm the trial court's granting of it Plea to the Jurisdiction and No-Evidence Motion for Summary Judgment and dismiss this case for lack of subject matter jurisdiction. TxDOT also requests such further relief, general or special, to which it may be justly entitled.

14

Respectfully Submitted,

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

CHARLES E. ROY
FIRST ASSISTANT ATTORNEY GENERAL

DAVID C. MATTAX
DEPUTY ATTORNEY GENERAL FOR
DEFENSE LITIGATION

RANDALL K. HILL
ASSISTANT ATTORNEY GENERAL
CHIEF, TRANSPORTATION DIVISION

/s/   Michael Ratliff
MICHAEL RATLIFF
State Bar No.16564300
Assistant Attorneys General
P. O. Box 12548
Austin, Texas  78711-2548
512/ 463-2004; FAX 512/ 472-3855
Email: michael.ratliff@texasattorneygeneral.gov

*COUNSEL FOR APPELLEE,*
*TEXAS DEPARTMENTOF TRANSPORTATION*

15

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 3192words as determined by the word count of the computer program used to prepare this document, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/S/ Michael Ratliff
MICHAEL RATLIFF
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I certify that on the 12th day of January 2015, a true and correct copy of the foregoing *Brief of Appellee, The Texas Department of Transportation* has been sent by via electronic mail and facsimile to the following counsel of record

Trey L. Dolezal
Kasling, Hemphill, Dolezal & Atwell, LLP.
301 Congress Avenue, Suite 300
Austin, Texas 78701

*Attorney for Appellants,*
*Roger Bufler and Sandy Bufler*

/S/Michael Ratliff
MICHAEL RATLIFF
Assistant Attorney General

16

ACCEPTED
03-14-00383-CV
3729717
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/12/2015 11:53:45 AM
JEFFREY D. KYLE
CLERK



January 12, 2015

Third Court of Appeals                    *Via Electronic Fling*
P.O. Box 12547
Austin, Texas 78711

Attention: Jeffrey D. Kyle

Re:    No. 03-14-00383-CV; In the Court of Appeals for the Third District Court
       of Texas, Austin, Texas; Roger Bufler and Sandy Bufler v. Texas Department
       of Transportation.

Dear Mr. Kyle:

       Please find enclosed for filing is the Brief of Appellee, The Texas Department
of Transportation in the above referenced cause.

       If you should have any questions or concerns, please feel free to contact either
myself or AAG Michael Ratliff at (512) 463-2004.

       Thank you for your assistance in this matter.

Sincerely,
*/s/ Michael Ratliff*

MICHAEL RATLIFF
Assistant Attorney General
michael.ratliff@texasattorneygeneral.gov
Transportation Division
Phone: (512) 463-2004
Fax: (512) 463-2004

Cc:    Trey L. Dolezal                    *Via Electronic Filing*
       Kasling & Atwell, LLP.
       301 Congress Avenue, Suite 300
       Austin, Texas 7870