**CITY OF CORSICANA,**
Texas, Petitioner,

v.

**Patrick STEWART Sr. and Sentria Whitfield, Individually and as Heirs to the Estates of Patrick Stewart Jr. and Brooke Stewart, Respondents.**

No. 07–0058.

Supreme Court of Texas.

March 28, 2008.

**413**

William W. Krueger III, Kenneth J. Lambert, Casey Sean Erick, Fletcher & Springer, L.L.P., Dallas, and Terry L. Jacobson, Jacobson Beard & Edmondson, P.C., Corsicana, TX, for Petitioner.

Mark S. Werbner, Andrew Conway, Joel Lawrence Israel, Sayles & Werbner, Eric D. Pearson, Heygood Orr Reyes Pearson & Bartolomei, and John Kevin Lamar Kelley, Nuru Lateef Witherspoon, Kelley & Witherspoon, Dallas, TX, for Respondents.

C. Michael Ratliff and William E. Williams III, Office of Attorney General, Austin, TX, for Person In Interest.

PER CURIAM.

In this premise defect case, we determine whether claimants met their evidentiary burden of showing that a governmental entity had actual knowledge of a dangerous condition to establish a waiver of immunity under the Texas Tort Claims Act. Patrick Stewart Sr.'s car stalled while he was attempting to traverse a low-water crossing on Bunert Road, which was flooded due to heavy rains. Stewart left his children inside the car and went to seek help. When he returned, his car had been swept away, and his children drowned. Stewart and Sentria Whitfield (collectively Plaintiffs), individually and as heirs to the estates of their children Patrick Stewart Jr. and Brooke Stewart, sued the City of Corsicana. The trial court granted the City's plea to the jurisdiction based on governmental immunity, finding that the City did not have actual knowledge that the crossing was flooded at the time of the accident. A divided court of appeals reversed and remanded the case to the trial court for further proceedings. 211 S.W.3d 844, 853. Because we conclude that Plaintiffs failed to raise a fact issue regarding the City's actual knowledge of a dangerous condition, we reverse the judgment of the court of appeals and dismiss the claims for lack of jurisdiction.

The Texas Tort Claims Act provides a limited waiver of sovereign immunity when a claim arises from a premise defect. TEX. CIV. PRAC. & REM.CODE §§ 101.022(a), .025. To establish a waiver of immunity, the plaintiff must show the governmental entity had actual knowledge "of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition c[ould] develop

over time." *City of Dallas v. Thompson,* 210 S.W.3d 601, 603 (Tex.2006); *see also* Tex. Civ. Prac. & Rem.Code § 101.022(a).[1]

 If a plea to the jurisdiction challenges the existence of jurisdictional facts, a reviewing court considers the relevant evidence to determine whether a fact question on the jurisdictional issue exists. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004). If the evidence raises a fact question on jurisdiction, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder. *Id.* at 227–28. If the relevant evidence is undisputed or fails to raise a fact question, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

At the trial court's evidentiary hearing, the City offered evidence that it was unaware the crossing had flooded when the accident occurred. Ronald Lynch, the City's Public Works Director, testified that the City first learned the crossing had flooded when Stewart called 911 for help, which was after the dangerous condition had arisen.

The court of appeals held that in this case, actual knowledge could be inferred from circumstantial evidence including: (1) testimony from Lynch that the crossing "sometimes" flooded during heavy rains, that the crossing was designed to allow water to flow over it during heavy rains, and that the City closed the crossing on several prior occasions due to flooding; (2) a study commissioned by the City several years prior to the accident identifying the crossing as vulnerable to future flooding; (3) a former City Council member's testimony that she informed City personnel of "dangerous conditions" at the crossing during "light and heavy rains"; (4) the National Weather Service's issuance of four pertinent severe weather warnings on the afternoon and night preceding the accident; (5) evidence that the Texas Department of Transportation (TxDOT) closed a road one mile upstream from the crossing several hours prior to the accident due to flooding; and (6) the responding officer's statement that he had just assisted another officer apprehend a murder suspect prior to being dispatched to Stewart's 911 call and, therefore, must have been aware of the heavy rainfall.

 The City contends that the evidence relied on by the court of appeals supports an inference of constructive, not actual, knowledge of a dangerous condition. Plaintiffs respond that the City's knowledge that the crossing tended to flood during heavy rains, combined with specific knowledge that it was raining hard on the night of the accident, supports the inference that the City actually knew the crossing was flooded at the time of the accident. In addition to the evidence relied on by the court of appeals, Plaintiffs point to statements in the responding officer's report at the evidentiary hearing that the rain was intense as he drove to assist Stewart, that local dispatch was inundated with calls for help from stranded motorists and flooded homeowners, and that many officers could not reach those in need due to high water. Plaintiffs further argue that according to City procedures, City officials are supposed to monitor areas likely to flood when flooding is anticipated.

 It is undisputed that no direct evidence was offered that the City knew the crossing was flooded prior to the accident. Actual knowledge requires knowl-.

---

1. Plaintiffs do not dispute that they must show actual, not constructive, knowledge to establish a waiver of immunity in this case.

edge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time. *See Thompson,* 210 S.W.3d at 603. Here, the Legislature required that the City actually know that the crossing was flooded at the time of the accident. *See* TEX. CIV. PRAC. & REM.CODE § 101.022(a); *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992). Circumstantial evidence establishes actual knowledge only when it "either directly or by reasonable inference" supports that conclusion. *State v. Gonzalez,* 82 S.W.3d 322, 330 (Tex. 2002); *see also City of San Antonio v. Rodriguez,* 931 S.W.2d 535, 537 (Tex.1996). For example, in *State v. Gonzalez,* we held that evidence TxDOT knew stop signs had been repeatedly vandalized could not reasonably support the inference that it knew the signs were missing, in the absence of evidence that someone had reported the signs missing before the accident occurred. *Gonzalez,* 82 S.W.3d at 330 (analyzing section 101.060(a)(3) of the Texas Tort Claims Act which also requires actual knowledge). Conversely, in *City of San Antonio v. Rodriguez,* involving a suit for injuries suffered as a result of a fall on a wet public basketball court, the evidence established that the City knew that the rain would drip to the floor through admitted leaks in the roof of the recreation center. *Rodriguez,* 931 S.W.2d at 537. The City's employee in charge of the building had contemporaneous actual knowledge of the dangerous condition in the vicinity of the hazard—he knew of leaks in the roof and knew that it had been raining. *Id.* We held that, "[d]epending on the position of

the leaks above the floor and the amount of rain, the jury might have inferred that the person in charge knew that there would be water on the floor." *Id.* This was a direct and reasonable inference from the evidence submitted. Accordingly, we rejected the City's contention that there was no evidence of actual knowledge. *Id.*

Unlike *Rodriguez,* however, the evidence presented in this case does not reasonably support the inference that the City actually knew the crossing was flooded on the night of the accident. Plaintiffs' evidence indicates that there was inclement weather in the vicinity of Corsicana on the night of the accident, that a road one mile upstream was closed due to flooding, that the City knew the crossing tended to flood during heavy rains, and that the City was aware of heavy rains and flooding after the accident occurred. Neither this evidence nor the inferences arising therefrom raise a fact question on the City's actual knowledge that a dangerous condition existed at or near the crossing at the time of the accident. There was evidence that TxDOT, a different governmental entity, had closed a different road due to flooding several hours prior to the accident, but Plaintiffs did not present evidence that the City knew of the road closure. Additionally, the responding officer's statements regarding the road conditions he encountered en route to Stewart and the numerous flood-related calls the City received after he left the scene of the accident describe the City's knowledge of the weather and road conditions after the accident occurred, not before.[2] Finally, Plaintiffs have not identified any City of-

---

2. Specifically, the officer stated that "[w]hile enroute [sic] the rain was so intense and the water so high on E. 5th that my vehicle almost flooded out 3 times," and that "[s]hortly after I left the scene as dispatch was inundat-

ed with calls for help all over town for [sic] stranded motorist [sic] in high rising water and flooded homes." Plaintiffs presented no evidence that any of these calls were placed before the accident.

ficial likely to have made a similar connection.[3] *Cf. Rodriguez*, 931 S.W.2d at 537. Such evidence is insufficient to support an inference of actual knowledge of a dangerous condition at the time it was occurring. *See Gonzalez*, 82 S.W.3d at 330. As the Legislature created an actual, not constructive, knowledge standard for waiver of immunity, we conclude that Plaintiffs failed to raise a fact issue regarding the City's knowledge of a dangerous condition.

■ And regardless of whether the City should have been better prepared to respond, the City is immune from liability for discretionary decisions concerning the expenditure of limited resources for the safety of its citizens. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002) (the design of roadways and installation of safety features are discretionary decisions that are immune from suit) (citing TEX. CIV. PRAC. & REM.CODE § 101.056(2)); *cf. State v. Terrell*, 588 S.W.2d 784, 787 (Tex.1979) (discussing the police and fire protection exception to waiver of immunity).

The City also contends that the court of appeals erred by failing to address whether the crossing constituted an actionable premise defect. *See Ramirez*, 74 S.W.3d at 867. Because we conclude that the court of appeals erred in finding that Plaintiffs raised a fact issue as to the City's actual knowledge of a dangerous condition, we need not address the City's other point of error. *See Mower v. Boyer*, 811 S.W.2d 560, 563 n. 3 (Tex.1991) (declining to address a broader issue when the case is resolvable on a narrower ground).

Accordingly, without hearing argument, the judgment of the court of appeals is

reversed and Plaintiffs' action dismissed for lack of jurisdiction. *See* TEX.R.APP. P. 59.1.

---

**3.** Although City officials were supposed to monitor flood-prone areas, there is no evidence that this procedure was implemented and followed on the night of the accident.

Lynch, the City's Public Works Director, testified that he was asleep on the night of the accident and was not aware of the heavy rain.