# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00345-CV

**City of Austin, Texas, Appellant**

**v.**

**Trudy Leggett, Individually and as Heir of Nathan Leggett, Deceased, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-02-001349, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

### C O N C U R R I N G   O P I N I O N

I concur in the judgment and agree with the majority's conclusion that the dispositive issue is whether the City of Austin had actual knowledge of the dangerous condition—flooding in the intersection—at the time of the accident.

The supreme court in *City of Corsicana v. Stewart*, No. 07-0058, 249 S.W.3d 412, 2008 Tex. LEXIS 218 (Tex. Mar. 28, 2008) (per curiam), decided a similar premise defect case that is dispositive of this appeal. The supreme court directly addressed the element of a governmental unit's actual knowledge of a dangerous condition to establish waiver under the Texas Tort Claims Act. *Id*. at *1. In the context of an accident that occurred at a flooded low-water crossing, the claimants presented evidence that the City of Corsicana knew the low-water crossing tended to flood during heavy rainfall and that there had been heavy rainfall at the time of the accident. *Id*. at *3-4. Despite the City of Corsicana's knowledge of prior flooding at the low-water crossing and

heavy rainfall at the time of the accident, the supreme court dismissed the claimants' action for lack of jurisdiction, holding that the claimants failed to raise a fact issue regarding the City of Corsicana's "actual knowledge that a dangerous condition existed at or near the crossing at the time of the accident." *Id*. at *7-8 ("As the Legislature created an actual, not constructive, knowledge standard for waiver of immunity, we conclude that Plaintiffs failed to raise a fact issue regarding the City's knowledge of a dangerous condition."). There was no direct evidence that the City of Corsicana knew that the low-water crossing was flooded at or near the time of the accident. *Id*. at *5.

Similarly, there was no evidence that the City of Austin had actual knowledge that the intersection where the accident occurred was flooded at or near the time of the accident and, more compelling than the facts in *City of Corsicana*, it was undisputed that the City of Austin did not have knowledge of this intersection having ever flooded on prior occasions—or even of the detention pond flooding or overflowing. Leggett affirmatively asserted this fact in her pleadings: "The location of the drowning of Nathan is not known to have flooded before." Based on the legal analysis set forth in *City of Corsicana* that a governmental entity must have "actual knowledge of a dangerous condition" to establish waiver of immunity, *see id.* at *7-8, I concur in the majority's judgment dismissing Leggett's suit for want of subject-matter jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: June 12, 2008