Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# DISSENTING OPINION

No. 04-09-00132-CV

**THE CITY OF LAREDO**,
Appellant

v.

Maria Alejandro **REYES**, Individually and As Representative
of the Estate of Karen Reyes, a/k/a Karen Vaquera, Deceased,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2008CVQ000276-D3
Honorable Elma Teresa Salinas Ender, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice
Dissenting opinion: Steven C. Hilbig, Justice

Sitting:  Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: September 9, 2009

I agree with the majority's conclusion that the water on Century Boulevard was not a special defect and that the City is immune from suit for any failure on its part to warn of the low water crossing or install safety features at the crossing. However, I respectfully dissent because I do not believe Sanchez's affidavit raises a fact issue as to the City's actual knowledge that a dangerous condition existed on Century Boulevard at the time of the accident. In *City of Corsicana v. Stewart*,

the Texas Supreme Court held a city's knowledge of previous floods on a roadway crossing, knowledge of a crossing flooded one mile upstream, and knowledge of inclement weather in the area, was not actual knowledge that the crossing from which several individuals were swept away was flooded at the time the accident occurred. 249 S.W.3d 412, 415 (Tex. 2008). Here, the City's knowledge, based on Sanchez's 911 calls, that "the water in Chacon Creek was rising and that there was going to be a problem with cars getting swept away" established, at most, constructive knowledge that a dangerous condition could develop over time, which is insufficient for actual knowledge. *See id.* Although the majority accurately quotes from Sanchez's affidavit that he had a clear view of the creek where the road crosses it, nowhere in the affidavit does Sanchez state he observed water on or over Century Boulevard when he called 911. As the portion of the affidavit quoted by the majority demonstrates, Sanchez averred only that "there was going to be a problem" when he made his original 911 call. The only reasonable inference from this statement is that the "problem" – danger to the public because of water rushing over Century Boulevard – did not exist at the time of his call. That Sanchez observed a debris line the next day or experienced flooding in his house "that night" does not give rise to reasonable inference that water was over Century Boulevard at the time of the accident, or that the City was aware water was over the road, creating a dangerous condition at the time of the accident. *See id.* It cannot be determined from the affidavit when the road flooded, much less that it happened before the accident or that the City knew about it, so as to even raise a fact issue on actual knowledge. Although Sanchez stated he called 911 four or five more times "as the night progressed," one is left to speculate as to when the calls occurred. It would be unreasonable to infer the calls were made prior to and near the time of the accident,

which is necessary for actual knowledge. *See id.* at 414-15. And if the calls were made after the accident, they are irrelevant. *See id.* at 415.

"[T]he Legislature require[s] that the City *actually know* that the crossing was flooded at the time of the accident." *Id.* (emphasis added). Here, as in *City of Corsicana*, neither Sanchez's affidavit "nor the inferences arising therefrom raise a fact question on the City's actual knowledge that a dangerous condition existed at or near the crossing at the time of the accident." *Id.* I would hold Reyes did not raise a fact issue regarding the City's knowledge of a dangerous condition.

Steven C. Hilbig, Justice