IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
09-0300
════════════
 
The University of Texas at 
Austin, Petitioner,
 
v.
 
Robert Hayes, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Third 
District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
            

 
            
In this premises-liability suit, the plaintiff claims that a metal chain 
blocking a driveway at the University of Texas at Austin (the University) caused 
him to have a bicycle accident and constituted a premises defect for which the 
Texas Tort Claims Act waives sovereign immunity.  See Tex. Civ. Prac. & Rem. Code 
§ 101.022(a),(b).  Because we conclude that 
the condition of the location was not a special defect as a matter of law and 
that the plaintiff failed to establish a premises-defect element, we reverse the 
court of appeals’ judgment and dismiss the case for lack of 
jurisdiction.
            
On September 12, 2003, the University began to close campus areas to configure 
parking for the next day’s football game.  As part of its preparation, the 
University closed a service driveway that ran behind the Alumni Center and 
connected Winship Circle to Gregory Gymnasium.  
To prevent vehicle access on the service driveway, the University placed an 
eight-foot-wide orange and white barricade in front of a metal chain that 
stretched across the entrance.
            
Around 8:30 that evening, Robert Hayes rode his bicycle, with a headlamp and 
reflectors, onto the University campus.  Hayes pedaled past a University 
security station, continued south on San Jacinto Boulevard, and then turned 
right into Winship Circle.  He proceeded toward 
the service driveway and admits that he “saw a barricade placed in the middle of 
the road . . . [and] without braking, without slowing down significantly, . . . veered to the left-hand side of that 
barricade and then was stopped short by the chain.”  He struck the chain 
and suffered injuries as a result.
            
Hayes sued the University, alleging the chain was a defect of which the 
University failed to warn.  The University filed a plea to the 
jurisdiction, arguing that Hayes’s allegations failed to state claims that 
establish a waiver of sovereign immunity under the Texas Tort Claims Act.  
The trial court denied the University’s amended plea to the jurisdiction and 
granted Hayes’s motion for partial summary judgment, concluding the University’s 
sovereign immunity had been waived.  The University filed an interlocutory 
appeal, id. § 
51.014(a)(8), and a divided court of appeals 
affirmed.  279 S.W.3d 877, 892.  We have 
jurisdiction over this interlocutory appeal because there is a dissent in the 
court of appeals.  Tex. Gov’t Code § 
22.225(c).
            
In general, the State of Texas retains sovereign immunity from suit, Tex. 
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004), 
and can only be sued if the Legislature waives immunity in “clear and 
unambiguous language,” Tex. Gov’t Code  § 311.034.  
However, the Texas Tort Claims Act provides a limited immunity waiver for tort 
claims arising from either premises defects or special defects.  Tex. Civ. Prac. & Rem. 
Code § 101.022(a), 
(b).  The Act applies different standards of care 
depending upon whether the condition was a premises defect, 
id. § 101.022(a) (same duty as licensee), or a special defect, 
id. § 101.022(b) (same duty as invitee). 
            
When a plea to the 
jurisdiction challenges the existence of jurisdictional facts, the trial court 
must review the relevant evidence to determine whether a fact issue 
exists.  Miranda, 133 S.W.3d at 226.  
The plaintiff bears the burden to allege facts demonstrating jurisdiction, and 
we construe the pleadings liberally in the plaintiff’s favor.  
Id.  If the evidence raises a fact question on jurisdiction, the 
trial court cannot grant the plea, and the issue must be resolved by the trier of fact.  Id. at 
227-28.  On the other hand, if the evidence is undisputed or fails 
to raise a fact question, the trial court must rule on the plea as a matter of 
law.  Id. at 228.
            
We first examine whether the condition constituted a special defect.  The 
Legislature does not define special defect but likens it to conditions “such as 
excavations or obstructions on highways, roads, or streets.”  Tex. Civ. Prac. & Rem. 
Code § 101.022(b); see also County of Harris v. Eaton, 573 
S.W.2d 177, 178-80 (Tex. 1978) (construing “special defect” as including those 
defects of the same kind or class as those expressly mentioned in the 
statute).  In Denton County v. Beynon, we reaffirmed that conditions can 
be special defects “only if they pose a threat to the ordinary users of a 
particular roadway.”  283 S.W.3d 329, 331 (Tex. 2009) (citing State 
Dep’t of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 238 n.3 (Tex. 1992)).  Whether a condition is a special 
defect is a question of law.  City of El Paso v. 
Bernal, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam).  In deciding this question, we have 
previously considered characteristics of the class of special defect, such as 
(1) the size of the condition, (2) whether the condition unexpectedly and 
physically impairs a vehicle’s ability to travel on the road, (3) whether the 
condition presents some unusual quality apart from the ordinary course of 
events, and (4) whether the condition presents an unexpected and unusual danger 
to the ordinary users of the roadway.  See Tex. Dep’t of Transp. v. York, 284 S.W.3d 844, 847 (Tex. 2009) (per curiam).
            
The class of special defects contemplated by the statute is narrow.  For 
example, this Court has concluded that a condition was a special defect where a 
large, oval-shaped pothole covered ninety percent of the highway and measured 
six to ten inches in depth like “a ditch across the highway.”  See 
Eaton, 573 S.W.2d at 178-80.  In that case, no 
signs or barricade warned of the ditch.  See id. at 178.  While something like “a ditch across the 
highway” is a special defect, we have also determined that a two-inch drop in 
the roadway is not.  City of Dallas v. Reed, 258 
S.W.3d 620, 623 (Tex. 2008).  
            
Our special-defect jurisprudence turns on the objective expectations of an 
“ordinary user” who follows the “normal course of travel.”  Beynon, 283 S.W.3d at 
332.  In Beynon, the motorist 
struck a floodgate arm that was three feet off the roadway after the motorist 
lost control of his car.  Id. at 
330-31.  We held that an “ordinary user” would not have left the 
roadway in this manner, and that the “normal course of travel” would be on the 
actual road.  Id. at 332.  
Similarly, here, Hayes did not take the normal course of travel.  Road 
users in the normal course of travel should turn back or take an alternate route 
when a barricade is erected to alert them of a closed roadway.  This 
location—a chain across a barricaded and closed driveway—would not pose a threat 
to an ordinary user in the normal course of travel because an ordinary user 
would not have traveled beyond the barricade, as Hayes did.  We therefore 
cannot place it within the “narrow” class of special defects. Id.; see 
also Payne, 838 S.W.2d at 239 n.3.
            
Accordingly, because the chain across the University’s driveway was not a 
special defect, we hold that § 101.022(b) of the Texas Tort Claims Act does not 
waive the University’s immunity from suit.[1]  
            
We must now decide whether the chain in this location is a premises 
defect.  To establish a waiver of immunity for a premises-defect claim, the 
plaintiff must show that the landowner failed to 
either (1) use ordinary care to warn a licensee of a condition that presented an 
unreasonable risk of harm of which the landowner is actually aware and 
the licensee is not, or (2) make the condition reasonably safe.  See County of Cameron v. Brown, 80 
S.W.3d 549, 554-55 (Tex. 2002).
            
To prove the actual-knowledge element, the licensee must show that the owner 
actually knew of a “dangerous condition at the time of the accident.” City of 
Corsicana v. Stewart, 249 S.W.3d 412, 413-14 (Tex. 2008) (per curiam) (quoting City of Dallas v. Thompson, 210 
S.W.3d 601, 603 (Tex. 2006) (per curiam)).  Here, 
at the time of the accident, the University knew about—and indeed, had 
erected—the chain.  But the University had also placed a large barricade in 
front of the chain in order to prevent road users from entering the driveway and 
ultimately encountering the chain.  The fact that the University had placed 
a barricade to close the driveway negates arguments that the University had 
actual knowledge of a dangerous condition: the University had no reason to know 
that the chain was dangerous to a user of the road at the time of the accident 
because it had closed the roadway to road users. 
            
But Hayes offered deposition testimony of a University parking representative 
who said “the chain is rarely up,” and he “would imagine that people on bicycles 
would go around the barricade.”  In discussing the chain itself, the 
University parking representative said, “I believe if there were no warning that [the chain] was there, that it’s 
possible a bicycle would hit it without seeing it.”  These statements, 
taken after the accident, merely suggest what one University employee “would 
imagine” about bicyclists approaching the barricade, or that it would be 
“possible” to hit the chain if there were “no warning.”  But actual 
knowledge requires the landowner to know “that the dangerous condition existed 
at the time of the accident, not merely of the possibility that a dangerous 
condition c[ould] develop 
over time.”  City of Corsicana, 249 S.W.3d at 
414-15.  The representative’s testimony contemplates the 
hypothetical knowledge of a dangerous condition, not actual knowledge of a 
dangerous condition. 
            
 The University parking representative also explained that the University 
would “typically” place orange cones on each side of the barricade, and it also 
possessed reflective tape and metal reflectors that it could affix directly to 
the chains.  Hayes merely infers that the University had actual knowledge 
of a defect because it “typically” puts reflectors or cones near the barricade 
and chain.  But Hayes’s suggestion that the University could have done more 
to warn him is not direct evidence to show that the University had actual 
knowledge of a dangerous condition.
            
Hayes also offered evidence that the responding police officer wrote: “[i]t should be noted that this officer observed that the 
lighting in this area is extremely poor making it difficult to see the 
chain.”  Again, the police officer’s report, written after the incident, is 
not evidence of what the University knew at the time of the accident.  
See id., 249 S.W.3d at 415 (noting that a police 
officer’s report “describe[s] the City’s knowledge of the weather and road 
conditions after the accident occurred, not before”).  
            
Additionally, Hayes failed to demonstrate that the University had ever received 
prior reports of injuries or accidents at this location.  The absence of 
reports is just one factor to consider, but when determining whether a premises 
owner had actual knowledge of a dangerous condition, “courts generally consider 
whether the premises owner has received reports of prior injuries or reports of 
the potential danger represented by the condition.”  Univ. of Tex.-Pan Am. v. Aguilar, 251 S.W.3d 511, 513 (Tex. 
2008) (per curiam).  Because there is no 
evidence showing that the University had actual knowledge of a dangerous 
condition at the time of the accident, Hayes failed to establish a 
premises-defect claim.[2]
            
Accordingly, we grant the petition for review, and without hearing oral 
argument, Tex. R. App. P. 59.1, 
we reverse the court of appeals’ judgment and dismiss the case for lack of 
jurisdiction.
 
 
OPINION DELIVERED:  December 3, 2010







[1] In the 
court of appeals, the University argued that the driveway was not a highway, 
road, or street under the special defects statute.  The University does not 
raise this issue in this Court, and so we assume, without deciding, that the 
driveway was a highway, road, or street.  

[2] 
The 
University also argues that (1) the University discharged any duty it could have 
owed Hayes because it warned of the chain, and (2) Hayes was a trespasser.  
Because we hold that the condition was not a special defect or premises defect 
on other grounds, we do not reach these issues.