# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00067-CV

---

### The City of Austin, Appellant

### v.

### Irene Quinlan, Appellee

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-18-003598,
THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

## CONCURRING AND DISSENTING OPINION

I concur with the Court's judgment to the extent that it reverses the trial court's order denying the City of Austin's plea to the jurisdiction and dismisses Irene Quinlan's claims against the City for lack of subject matter jurisdiction. I respectfully dissent, however, to the Court's holding that the trial court has jurisdiction over Quinlan's claims against the City for negligent implementation of policy. Based on Quinlan's pleadings and the evidence before the trial court, I would reverse the trial court's order and dismiss all her claims against the City.

As a threshold matter, I question Quinlan's standing to assert claims against the City under the Texas Tort Claims Act (TTCA), *see generally* Tex. Civ. Prac. & Rem. Code §§ 101.001–.109, based on the City's contractual obligations under its agreement with Guero's Restaurant, Inc. The City argues that Quinlan "lacks standing to enforce the terms of a contract to which she is not a party." *See First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017)

(addressing third-party beneficiaries of contracts). The Court sidesteps the City's standing argument by characterizing the agreement between the City and Guero's as "evidence of the City's policy." The Court then characterizes the City's policy under the terms of the agreement as "to control and monitor Guero's maintenance of the premises to ensure compliance with the City's requirements," and concludes that "the City's immunity is waived for any negligent implementation of that policy."

I have not found authority that would support both standing and a city's waiver of immunity based on the terms of an agreement between a city and restaurant that relates to a restaurant's permit to operate a sidewalk café and gives sole discretion to the city to take enforcement action against the restaurant under the agreement's terms. The City's relationship with Guero's is notably different from a governmental entity's agency-like relationship with a third party. *Cf. City of Saginaw v. Cruz*, No. 05-19-01141-CV, 2020 Tex. App. LEXIS 6984, at *12–16 (Tex. App.—Dallas Aug. 27, 2020, no pet.) (mem. op.) (affirming denial of plea to jurisdiction on issue of knowledge of alleged premises defect where city hired engineer to reconstruct and widen roadway and relying on construction contract between city and engineer that included provision that engineer was city's agent during construction).

The two cases cited by the Court to support the waiver of the City's immunity are not analogous. In *City of Irving v. Seppy*, the city owned "*and operated*" the premises in question. 301 S.W.3d 435, 439 (Tex. App.—Dallas 2009, no pet.) (emphasis added). And in *Texas Department of Transportation v. Pate*, the Texas Department of Transportation's duty to maintain the right-of-way next to a highway is not comparable to the City's discretion to monitor Guero's compliance with the agreement between the City and Guero's. *See Texas Dep't of*

2

*Transportation v. Pate*, 170 S.W.3d 840, 843 (Tex. App.—Texarkana 2005, pet. denied) (rejecting department's argument that keeping sight lines clear is discretionary duty).

Even if Quinlan has standing to bring TTCA claims against the City that are based on the City's agreement with Guero's, I cannot agree with the Court's analysis as to the City's waiver of immunity. In my view, the pleadings and evidence conclusively establish that it was within the City's discretion to enforce or monitor Guero's compliance with the agreement, such as whether and when to send City personnel to monitor the way Guero's arranged its patio furniture. *See* Tex. Civ. Prac. & Rem. Code § 101.056 (stating that chapter does not apply to claims based on governmental unit's discretionary powers); *City of Corsicana v. Stewart*, 249 S.W.3d 412, 416 (Tex. 2008) (explaining that city was immune from liability for discretionary decisions concerning expenditure of limited resources for safety of citizens); *Morgan v. City of Terrell*, No. 05-16-00554-CV, 2017 Tex. App. LEXIS 7736, at *5–6 (Tex. App.—Dallas Aug. 15, 2017, no pet.) (mem. op.) (rejecting assertion that provisions of city's code "created a mandatory duty on behalf of the city to remedy unsafe conditions on the sidewalks"); *City of Austin v. Frame*, No. 03-15-00292-CV, 2017 Tex. App. LEXIS 4104, at *3, 11–22 (Tex. App.—Austin May 5, 2017, pet. denied) (mem. op.) (construing discretionary-powers exception and rejecting claim that "failure to address an identified safety hazard . . . was a negligent failure to implement an existing policy").

As support for its jurisdictional conclusion, the Court explains that "[a]t this stage of the litigation, we do not know the extent to which the City exercised its rights under the Agreement or the extent to which the City monitored and enforced Guero's compliance with the Agreement." But it was Quinlan's burden to allege facts in her pleadings to affirmatively demonstrate that the City's immunity either does not apply or has been waived; the "question is

3

not whether additional, hypothetical facts could come to light." *See Matzen v. McLane*, No. 20-0523, 2021 Tex. LEXIS 1192, at \*10–11 (Tex. Dec. 17, 2021) ("If additional facts would be necessary . . . to state a viable claim falling within a waiver or exception to immunity, then the plaintiff has not affirmatively demonstrated the court's jurisdiction. In such a case, a plea to the jurisdiction should be granted."); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (describing plaintiff's burden to allege facts to demonstrate that jurisdiction exists).

The City's plea to the jurisdiction challenged Quinlan's pleadings and the existence of jurisdictional facts. *See Texas Dep't of Crim. Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020) (recognizing that plea to jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both" (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018))). Quinlan's pleadings alleged four "dangerous" conditions: (i) failing to install railings between the patio and the street; (ii) failing to warn of danger of the drop from the patio to the street; (iii) failing to make the patio and the street level; and (iv) maintaining the tables and chairs and plants on the patio, "which had the effect of obstructing the street and confusing the patrons about the sharp drop immediately following the patio entrance."

The Court appears to conclude that at least the first three factual allegations do not support jurisdiction based on the agreement between the City and Guero's, explaining that "there is nothing in the Agreement between the City and Guero's that obligates the City to take such specific actions regarding the design of the premises." But the Court also concludes that the agreement itself is evidence that supports jurisdiction and then places the burden on the City to defeat the trial court's jurisdiction by presenting evidence about its actions under the terms of the

4

agreement. This approach confuses a plaintiff's burden to allege facts in their pleadings that affirmatively demonstrate jurisdiction, which in this case includes alleging facts as to a "condition" of "real property," *see* Tex. Civ. Prac. & Rem. Code § 101.021(2) (generally waiving immunity for injury or death caused by condition of real property), and a governmental entity's presentation of evidence to challenge a pleaded jurisdictional fact, *see City of Austin v. Rangel*, 184 S.W.3d 377, 385 (Tex. App.—Austin 2006, no pet.) (explaining that plaintiff has burden of alleging facts that affirmatively demonstrate trial court's jurisdiction and providing example of facts that plaintiff could allege to create jurisdictional fact issue about property's condition); *see also Rangel*, 595 S.W.3d at 205 (explaining that when plea challenges the existence of jurisdictional facts, "a plaintiff must raise a genuine issue of material fact to overcome the challenge to the trial court's jurisdiction").

Based on Quinlan's pleadings and the evidence before the trial court, I conclude that Quinlan has failed to plead a claim against the City that would invoke the trial court's jurisdiction. Therefore, I would reverse the trial court's order denying the City's plea to the jurisdiction and dismiss Quinlan's claims against the City for lack of subject matter jurisdiction.[1]

---

[1] In the procedural context of this appeal, I would not remand to allow Quinlan the opportunity to amend. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016) (noting that plaintiffs were not entitled to another opportunity to replead when they "had the opportunity to, and did in fact, amend their pleadings in the trial court after the [defendant] filed its plea to the jurisdiction"); *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("But Koseoglu's pleading defects cannot be cured, and he has made no suggestion as to how to cure the jurisdictional defect.").

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Filed:   January 28, 2022