# Supreme Court of Texas

No. 24-0005

Red Bluff, LLC,

*Petitioner*,

v.

Nicole Tarpley,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

Generally, a party must file any post-judgment motions within thirty days after the trial court signs the judgment. TEX. R. CIV. P. 329b(a). But the trial court may extend that deadline up to ninety days if a party establishes that, within twenty days after the judgment was signed, the party neither (1) received notice of the judgment as the rules require nor (2) acquired "actual knowledge" of the judgment. *Id.* R. 306a(4). If a party makes that showing, the thirty-day period does not begin to run until the date the party either received the required notice or acquired actual knowledge of the judgment, whichever is earlier. *Id.*

Until April 25, 2022, the procedural rules required a trial court clerk to "immediately give notice to the parties or their attorneys of record *by first-class mail* advising that the judgment or order was signed." *Id.* R. 306a(3) (Vernon 1941, amended 2022) (emphasis added).[1] In this case, the clerk sent notice of the judgment to the parties on February 8, 2022, four days after the trial court signed it on February 4. But the clerk sent the notice to defendant Red Bluff's lead counsel by email rather than by first-class mail. Red Bluff's counsel asserts that he did not see, open, or read the email until after he learned about the judgment on March 14 (thirty-eight days after it was signed), when plaintiff Nicole Tarpley's attorney sent him an email demanding payment.[2] Red Bluff's counsel immediately filed a notice of appeal that day, along with a sworn motion under Rule 306a to reset the post-judgment-motion deadline to run from March 14. On April 13, he filed a motion for judgment notwithstanding the verdict and a motion for new trial.

---

[1] The Court has amended Rule 306a twice since the clerk sent notice of the judgment in this case. As amended, the rule now requires the court clerk to "immediately send the judgment or order to the parties as provided in Rule 21(f)(10)," which requires that notice be given through the state's electronic-filing system unless the judgment is sealed or otherwise restricted or the party is not represented by counsel. TEX. R. CIV P. 306a(3); *see id.* R. 21(f)(10). The parties agree that the amended rule does not apply in this case.

[2] Nicole Tarpley sued Red Bluff—her employer and a nonsubscriber to the workers' compensation program—for injuries she sustained while working as a certified nursing assistant at Red Bluff's rehabilitation facility. Based on a jury verdict in her favor, the trial court's judgment awarded her $7.1 million on claims for negligence and premises liability.

The trial court denied the Rule 306a motion, finding that Red Bluff's counsel acquired "actual knowledge" of the judgment when the clerk sent notice by email on February 8. The court of appeals agreed and affirmed. 679 S.W.3d 211, 216 (Tex. App.—Houston [14th Dist.] 2023).[3] Based on that finding, the court held that Red Bluff was not entitled to a deadline extension and the trial court lacked plenary jurisdiction over Red Bluff's post-judgment motions. *Id.*

We disagree. Because the court clerk did not send notice of the judgment "by first-class mail," Red Bluff satisfied Rule 306a(4)'s first prong by demonstrating it did not receive notice of the judgment as the then-applicable version of Rule 306a(3) required. The question, then, is whether Red Bluff also satisfied Rule 306a(4)'s second prong by demonstrating it did not acquire "actual knowledge" of the judgment when it received the email. We conclude Red Bluff satisfied that second prong.

Like the court of appeals here, other courts have held that a party acquires "actual knowledge" of a judgment when it receives notice of the judgment by email from the court clerk, even if the party never saw or read the email. *See Rendon v. Swanson*, No. 11-19-00260-CV, 2021 WL 3672622, at *4 (Tex. App.—Eastland Aug. 19, 2021, no pet.) ("[W]e hold that sufficient evidence existed to support the trial court's finding that Rendon's counsel acquired actual knowledge of the trial court's dismissal order."); *see also Park v. Aboudail*, No. 02-20-00260-CV,

---

[3] The court first held that Red Bluff properly invoked its appellate jurisdiction by filing the notice of appeal within Rule 26.3's fifteen-day grace period. *See* Tex. R. App. P. 26.3. The parties do not dispute this holding.

2021 WL 1421442, at *6 (Tex. App.—Fort Worth Apr. 15, 2021, no pet.) (concluding the plaintiff "failed to negate that he timely received, yet failed to read, notice of the judgment by email"). These holdings misconstrue the rule. Notice and "actual knowledge" are alternative sufficient conditions. *See* TEX. R. CIV. P. 306a(4) ("[A]ll the periods mentioned . . . shall begin on the date that such party or his attorney received [the required] notice *or* acquired actual knowledge. . . ." (emphasis added)); *see also Park*, 2021 WL 1421442, at *6 (determining the plaintiff failed to establish the date when he "first *either received notice* of the judgment *or acquired actual knowledge* of its signing" (emphases added)). If the court clerk fails to deliver notice of the judgment as required, "actual knowledge" will independently suffice to defeat a deadline extension.

Because the rules do not define "actual knowledge," we give the phrase its plain and ordinary meaning. *See EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 758 (Tex. 2020). Under that meaning, "to have 'actual knowledge' of a piece of information, one must *in fact* be aware of it." *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 184 (2020) (emphasis added). "Dictionaries are hardly necessary to confirm the point, but they do." *Id.* Actual "knowledge" means actual "awareness of a fact or condition." BRYAN A. GARNER, *Garner's Dictionary of Legal Usage* 512 (3d ed. 2011) (contrasting "knowledge" with "notice").

Actual knowledge must be "distinguished from constructive knowledge," which is "[k]nowledge that one using reasonable care or diligence should have, and therefore [is attributable] to a given person."

4

*Knowledge*, BLACK'S LAW DICTIONARY (12th ed. 2024).[4] To acquire actual knowledge of information, a person must in fact become subjectively aware of the information. *See United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 751 (2023) ("[T]he term 'actual knowledge' refers to whether a person is 'aware of' information."). That the information was available to the person does not establish his *actual* knowledge, even if he reasonably should have become aware of it. If a person "is not aware of a fact, he does not have 'actual knowledge' of that fact however close at hand the fact might be." *Sulyma*, 589 U.S. at 186.

Red Bluff's lead counsel does not dispute that he received the email providing notice of the judgment on February 8, but he avers that he did not see or read that email until March 14. Perhaps he should have. Perhaps he had constructive knowledge of the judgment. But Rule 306a(4) requires actual knowledge, not constructive knowledge. *See LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 725 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("The rules do not . . . provide that the timetable commences on the date the party *should have* acquired actual knowledge."). The fact that Red Bluff's counsel admits that he received the email on February 8 "is no doubt *relevant* in judging whether he gained knowledge of that

---

[4] *See City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008) (noting that actual knowledge of a premises defect "requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge"); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974) ("Actual knowledge rather than constructive knowledge of the dangerous condition is required.").

information," but the rule prevents the deadline extension only if he "in fact [became] aware of that information." *Sulyma*, 589 U.S. at 186-87.

Red Bluff's lead counsel provided sworn proof that he did not in fact see the clerk's email or otherwise become aware of the judgment until March 14, and Tarpley provided no evidence to contradict that fact. Because Red Bluff also established that the clerk did not give notice of the judgment by first-class mail, Red Bluff was entitled to a deadline extension and thus timely filed its post-judgment motions. *See* TEX. R. CIV. P. 306a(5). Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and remand the cause to the trial court for it to consider Red Bluff's post-judgment motions.

**OPINION DELIVERED:** May 9, 2025